## ENGLEMAN *v.* CITY OF KALAMAZOO.

1. EASEMENTS—PRESCRIPTION—ELEMENTS OF.
   To establish an easement by prescription there must be continued and uninterrupted use or enjoyment, identity of the thing enjoyed, and a claim of right adverse to the owner of the soil, known to and acquiesced in by him.[1]

2. SAME—PRESCRIPTIVE RIGHT AND TITLE BY ADVERSE POSSESSION DISTINGUISHED.
   The elements necessary to give rise to a prescriptive right are the same as those of title by adverse possession, with the exception that it does not have to be exclusive.[2]

3. SAME—RIGHT USED FOR HALF CENTURY PRESUMED TO HAVE HAD BEGINNING IN GRANT IN ABSENCE OF PROOF TO CONTRARY.
   Where the owners of a business building used part of a city street for a stairway to the basement for practically a half century, in the absence of proof as to how the right began it is conclusively presumed that it had its beginning in a grant rather than by permission merely.[3]

4. SAME—OPEN USE OF STREET FOR STAIRWAY FOR NEARLY HALF CENTURY SUFFICIENT TO ACQUIRE PRESCRIPTIVE RIGHT.
   Where a stairway to the basement of a business block,

---

[1]Easements, 19 C. J. § 32; [2]Id., 19 C. J. § 32; [3]Id., 19 C. J. § 18.

occupying part of a city street, was a permanent structure of brick, stone and iron, and its use by plaintiff and his grantor in connection with the operation of the building was notice to the public that they were claiming rights therein, said use for nearly 37 years prior to the passage of 3 Comp. Laws 1915, § 12311, *held*, sufficient to acquire an easement therein by prescription.[4]

Appeal from Kalamazoo; Weimer (George V.), J. Submitted October 8, 1924. (Docket No. 14.) Decided January 28, 1925.

Bill by William P. Engleman against the city of Kalamazoo to restrain the enforcement of an order for the removal of a stairway. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

*Stearns & Kleinstuck* and *Mason & Sharpe,* for plaintiff.

*Marvin J. Schaberg,* for defendant.

Bird, J. Defendant city gave plaintiff notice to remove, within 30 days, a stairway leading from the street to the basement of his business block situate at the corner of Burdick and Water streets. Plaintiff responded by filing this bill to restrain defendant from enforcing its order. From an adverse decree plaintiff appeals.

Plaintiff's grantor, Nicholas Baumann, erected the block in the year 1870. It has three stories and a basement. The ground and basement floors have always been used as business places. The two upper stories are used as living quarters. When the building was constructed two stairways were put in leading to the basement, one on Burdick street and the other on Water street. The one on Burdick street was

[4] Easements, 19 C. J. § 196.

discontinued several years ago, since which time the Water street stairs have served the entire basement. The opening for the stairway is 50½ feet long and extends out into the sidewalk 5.67 feet. The street side of the areaway is laid up to the level of the sidewalk with a wall, which is crowned with a stone coping. An iron fence is built into and on top of the stone coping.

Plaintiff's contention is that he has a prescriptive right to maintain and use the stairway; that Nicholas Baumann constructed it in 1870, and maintained it until 1895, and that such right, being appurtenant to the land conveyed, passed to plaintiff in 1899.

The defendant denies that any such right exists, or is vested in plaintiff. It insists that stairways into basements in the business district were permitted in the early history of Kalamazoo; that they have been suffered to remain by the city until such times as the density of traffic made it necessary to remove them. That now the traffic in the vicinity of this building is such that the public necessity requires the stairway to be removed and the sidewalk widened.

The rules announced by Ruling Case Law for establishing an easement by prescription are:

"*First,* continued and uninterrupted use or enjoyment; *second,* identity of the thing enjoyed; *third,* a claim of right adverse to the owner of the soil, known to and acquiesced in by him. The accepted rule is that the user must be exercised by the owner of the dominant tenement, and must be open, peaceable, continuous and as of right. It is sometimes declared that it must also be exclusive, but the term 'exclusive use' does not mean that no one may use the way except the claimant of the easement; it means no more than that his right to do so does not depend on a like right in others." 9 R. C. L. pp. 772, 773.

These rules were quoted and approved in *St. Cecelia Society* v. *Service Co.,* 213 Mich. 577. It was also said in that case:

"The elements necessary to give rise to a prescriptive right are the same as those of title by adverse possession, with the exception that it does not have to be exclusive."

Tested by these rules, does plaintiff's case merit relief? It appears that in 1870 the stairway was constructed. It does not appear that any objection was made at that time by the city or by anyone else. It was continuously used and kept in repair until 1895 by Nicholas Baumann. In that year he died. From that time to 1899, when it was conveyed to plaintiff, it was used and controlled by his estate. Since that time it does not appear that objection has been interposed by the city authorities. Neither does it appear that the city has in any way attempted to interrupt plaintiff's right to the use and control of the stairway. It is shown that plaintiff in 1910 applied to the city for a building permit to make certain alterations or repairs in the stairway. It is quite likely that this was an effort on his part to comply with section 12 of the city's building code rather than any recognition of the superior right of the city to control the use of the stairway. The testimony tends to show that the use of the stairway has been continued and uninterrupted for half a century.

There is no question as to the identity of the right claimed as an easement. The character and location of the construction has identified it throughout the years beyond question. That Nicholas Baumann, during his life, claimed this right, appears from the fact that he controlled it, repaired it and he and his tenants used it. Without its use the two business places in the basement could not have been utilized. So far as the record shows, he recognized no equal or superior right in the city and paid tribute to no one for the right to use it. In fact, the exercise of the right appears to have been open, peaceable, con-

tinuous and as of right.    This would appear to entitle plaintiff to the relief which he prays.

But it is claimed by counsel for the city that the right to occupy the street for the stairway began and has continued by permission, and therefor the length of time it has been used would not ripen into a vested right.    The trial court indulged this thought when passing upon the case.    We are unable to see the value of this argument, as it is conceded that the record is barren of any evidence as to how the use began.    Both counsel discuss to some extent the presumptions which would naturally arise from what had taken place during the years.    As there is no proof as to how the right began, we do not think these presumptions are very important, in view of the fact that after the right has been exercised for practically a half century, it is conclusively presumed that it had its beginning in a grant.    In the case of *Berkey & Gay Furniture Co.* v. *Valley City Milling Co.,* 194 Mich. 234, in discussing that question, it was said:

"It has been held that the open, notorious, continuous, and adverse use across the land of another from a residence or place of business to a public road for more than 20 years, affords a conclusive presumption of a written grant of such way (*Clement* v. *Bettle,* 65 N. J. Law, 675 [48 Atl. 567]), and that when the passway has been used for something like a half century, it is unnecessary to show by positive testimony that the use was claimed as a matter of right, but that after such user the burden is on the plaintiff to show that the use was only permissive" (citing authorities).

If that rule be applied to the facts in this case, it undoubtedly settles the contention of the parties in favor of the plaintiff.

It is also argued that the value of evidence to establish a prescriptive right against an individual is somewhat lessened when it is sought to establish the right against a municipality.    This distinction was

well pointed out by Mr. Justice STONE in *Crosby* v. *City of Greenville*, 183 Mich. 457, as follows:

"We should bear in mind that there is a broad distinction between obtaining title of land by adverse possession as against an individual, and gaining title to a portion of a city street as against a municipality. It has been said that this distinction lies in the fact that abutting property owners have the right against the world, and even against municipalities, to occupy and use the street in any reasonable way they wish, so long as they do not interfere with the public travel thereon. In order to gain title by adverse possession to a portion of a public way, the occupancy must be such as to warn the public that the occupant is going beyond his right as an abutting owner and is actually claiming the property as his own."

This use was not a mere temporary or transient use as is illustrated by the use of the street for a fruit stand which this court passed upon in *Pastorino* v. *City of Detroit*, 182 Mich. 5 (Ann. Cas. 1916D, 768), but it is a construction of a permanent character, more nearly like the subject-matter of *Moon* v. *Mills*, 119 Mich. 298 (75 Am. St. Rep. 390), which was a stairway erected in an alley in the rear of a business place to the story above. The character of the right claimed, its construction, whether of a permanent nature, and its visibility are influential in determining whether the right has accrued. In the present case the permanent character of the structure of brick, stone and iron, all in full view of the public and its use in connection with the operation of the building was ample notice to the public authorities that plaintiff and his vendor were claiming rights therein. The right was claimed for nearly 37 years prior to the passage of Act No. 46, Pub. Acts 1907 (3 Comp. Laws 1915, § 12311, subd. 3). This period was sufficient to acquire the easement claimed.

Other questions have been discussed but with this view it will be unnecessary to consider them.

The decree of the trial court is reversed and one made which will be in accord with these views.

Plaintiff will recover his costs in both courts.

MOORE, J., concurred with BIRD, J.    MCDONALD, C. J., and CLARK, STEERE, FELLOWS, and WIEST, JJ., concurred in the result.    SHARPE, J., did not sit.