## LOEHR v. COCHRAN

EASEMENTS—LONG-STANDING USE—EVIDENCE.

Trial court order declaring existence of an easement for plaintiffs over land of defendants *held*, proper where plaintiff introduced competent evidence of open, continuous and uninterrupted use of strip of land for purposes of ingress and egress for over 50 years and defendants failed to introduce evidence that such use was only permissive.

Appeal from Muskegon, Engel (Albert J.), J. Submitted Division 3 November 13, 1968, at Grand Rapids. (Docket No. 4,846.) Decided November 27, 1968. Rehearing denied December 31, 1968.

Complaint by Henry Loehr and Margaret Loehr against John R. Cochran, Sr., and Paul Hohrun to establish a non-exclusive easement for purposes of ingress and egress. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Cochran, VanderPloeg & Grimm,* for plaintiffs.

*A. Winton Dahlstrom,* for defendants.

PER CURIAM. Plaintiffs Henry Loehr and Margaret Loehr sought to establish in the trial court a non-exclusive easement for purposes of ingress and

REFERENCE FOR POINTS IN HEADNOTE

25 Am Jur 2d, Easements and Licenses § 39.

egress across the land of defendant, John R. Cochran, Sr., and also against defendant Paul Hohrun.

The facts regarding usage of the roadway in question are undisputed. There was clear evidence of the existence and use of the roadway dating back at least to 1916, and according to the testimony of William Flagstead, it may date back prior to the turn of the century. At all times until the roadway was barricaded in 1965, use of it was open, notorious and continuous. This was not disputed by defendants.

The trial court concluded that there was enough evidence of open use to warrant a finding that the deed held by defendant, insofar as it conflicted with plaintiffs' easement, constituted a cloud against plaintiffs' easement. The court ordered that defendant Cochran's deed was to be set aside and declared null and void with respect to plaintiffs' easement, further ordering defendant Cochran to deliver a quit claim of said easement to plaintiffs. The trial court declared plaintiffs to be the owner of the right of way easement, in common with others against defendants.

The issue raised for review is: Have plaintiffs established a prescriptive easement as a result of over 50 years of open, continuous and uninterrupted passage across defendant Cochran's property?

Defendants contend that plaintiffs failed to prove the basic elements of adverse use in order to permit the finding of a prescriptive easement. They claim there was no showing of hostility by plaintiffs.

On the other hand, plaintiffs argue that defendants presented no proof that the use of the disputed roadway was originally taken by permission, and therefore the presumption runs to plaintiffs' benefit that their use was hostile to defendants' ownership. The presumption claimed by plaintiffs was first stated in *Berkey & Gay Furniture Co.* v. *Valley City*

*Milling Co.* (1916), 194 Mich 234, and subsequently followed in many cases. The essence of this presumption is that long-standing use of another's property, *e.g.*, over 50 years, shifts the burden to the defendant-owner, to show the use was permissive. If the presumption is not rebutted, the adverse user obtains a prescriptive right to travel over the defendant-owner's land.

This Court finds *Berkey & Gay Furniture Co.* v. *Valley City Milling Co., supra,* and subsequent case law* determinative of the issue herein. Therein at p 242, Mr. Justice BROOKE stated:

"It has been held that the open, notorious, continuous, and adverse use across the land of another from a residence or place of business to a public road for more than 20 years affords a conclusive presumption of a written grant of such way (*Clement* v. *Bettle* [1901], 65 NJ Law 675 [48 A 567]), and that when the passway has been used for something like a half century, it is unnecessary to show by positive testimony that the use was claimed as a matter of right, but that after such user the burden is on the plaintiff to show that the use was only permissive (*Magruder* v. *Potter* [1904], 25 Ky Law Rep 1336 [77 SW 919]). See, also, *Chenault* v. *Gravitt* (1905), 27 Ky Law Rep 403 (85 SW 184) ; *Wathen* v. *Howard* (1905), 27 Ky Law Rep 7 (84 SW 303). We are of opinion that the defendant not only failed to show that the use of said way by the plaintiffs was permissive, but that the plaintiffs introduced testimony which convinces us that such use was enjoyed by the plaintiffs and their grantors as a matter of right."

The rule is stated in Annotation, 170 ALR 776, 779, as follows:

"Upon its appearing that a servitude has been enjoyed during the period required for prescription,

---

* See *Haab* v. *Moorman* (1952), 332 Mich 126, 144, 145, and cases cited therein.

openly, continuously and uninterruptedly, a presumption arises, in the absence of any other explanation, that the user was adverse and under a claim of right. The burden is then upon the owner of the soil to show that the use was permissive, or otherwise that it was not adverse."

Affirmed. Costs to plaintiffs.

HOLBROOK, P. J., and T. G. KAVANAGH and McINTYRE, JJ., concurred.