# Syllabus

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement

Reporter of Decisions:
Kathryn L. Loomis

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

## MARLETTE AUTO WASH, LLC v VAN DYKE SC PROPERTIES, LLC

Docket No. 153979. Argued November 8, 2017 (Calendar No. 2). Decided March 19, 2018.

Plaintiff, Marlette Auto Wash, LLC, brought an action in the Sanilac Circuit Court, claiming that it had an easement through a parking lot owned by defendant, Van Dyke SC Properties, LLC, for customers to access a car wash that plaintiff had purchased in 2007. Defendant brought a counterclaim, seeking to quiet title and obtain monetary damages for expenses relating to maintenance of the parking lot. The parties' parcels were originally owned by Bernard and Evelyn Zyrowski as a single unimproved tract of land at the corner of a highway and a village street. In 1988, the Zyrowskis conveyed the land to B & J Investment Company, which was owned by Bernard and his son James Zyrowski, and the land was split into two parcels. B & J opened a car wash on the corner parcel in 1989. Although the car wash was initially accessible from both the highway and the street, car wash customers generally used the parking lot of the adjoining parcel to get to and from the car wash. This adjoining parcel was sold to Marlette Development Corporation in 1988, which opened a shopping center in 1990. When Marlette Development's deed was recorded, no easement was reserved for the benefit of the car wash property, and car wash customers continued to use the parking lot for access. In 2000, the village of Marlette closed the street entrance to the car wash, leaving an inconvenient turn from the highway as the only access apart from the parking lot. Car wash customers continued to use the parking lot for access without incident until Marlette Development sold its property to defendant in 2013. At this point, defendant's sole owner—James Zyrowski, former co-owner of B & J Investment, which had sold the car wash in 2005—informed plaintiff that unless it contributed $1,500 a month to maintain the parking lot, Zyrowski would park trailers at the property line, closing off access to the car wash through the parking lot. Plaintiff refused, and this lawsuit followed. The court, Donald A. Teeple, J., ruled that a prescriptive easement benefiting the car wash had vested in 2005, and it rejected defendant's counterclaim for parking lot expenses because the evidence supporting the claim had not been disclosed to plaintiff before trial. In an unpublished per curiam opinion, the Court of Appeals, MURPHY, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ., affirmed the trial court's decision excluding defendant's counterclaim evidence but reversed concerning the easement claim on the grounds that plaintiff had failed to establish privity of estate with the previous owner and no previous owner of the car wash had asserted a claim of prescriptive easement with regard to defendant's property. *Marlette Auto Wash, LLC v Van Dyke SC Props, LLC*, unpublished opinion of the Court of

Appeals, issued May 10, 2016 (Docket No. 326486). The Supreme Court granted plaintiff's application for leave to appeal. 500 Mich 950 (2017).

In a unanimous opinion by Justice WILDER, the Supreme Court *held*:

Michigan caselaw establishes that the open, notorious, adverse, and continuous use of property for the relevant statutory period creates a prescriptive easement that is appurtenant, without the need for the claimant to show privity of estate with the prior owner. Moreover, the prior owner of the dominant estate is not required to take legal action to claim the easement in order for a vested prescriptive easement to exist. Because the Court of Appeals erred by concluding otherwise, the judgment of Court of Appeals was reversed in part and the case was remanded to that Court for consideration of any remaining appellate issues.

1. A party claiming adverse possession must show clear and cogent proof of possession that is actual, continuous, open, notorious, exclusive, hostile, and uninterrupted for the relevant statutory period. When the elements of adverse possession have been met, the law presumes that the true owner, by acquiescence, has granted the land, or interest to the land, so held adversely. The elements necessary to give rise to a prescriptive right are the same as those of title by adverse possession, with the exception that possession does not have to be exclusive. If no single period of adverse use amounts to the 15-year statutory period, a party claiming a prescriptive interest may tack the possessory periods of their predecessors in interest to aggregate the 15-year period of prescription if the claimant can show privity of estate. Privity of estate may only be established if the deed includes a description of the disputed property, there was an actual transfer or conveyance of the disputed property by parol statements made at the time of conveyance, or a property owner is well-acquainted with the previous property owner and had visited and used the disputed property for many years before acquiring title. It was not necessary for plaintiff to have used defendant's property for 15 years or to establish privity of estate because Michigan caselaw makes clear that a claimant seeking to prove the existence of a prescriptive easement may establish that the requisite elements were met by the claimant's predecessor in interest. When a prescriptive easement vests with the claimant's predecessors in interest, the easement is appurtenant and transfers to subsequent owners in the property's chain of title without the need for the subsequent owner to establish privity of estate. The fact that property has been used in excess of the prescriptive period for many years is not pertinent to whether the requirements of a prescriptive easement have been met, nor is it germane to whether the proponent of the easement is required to establish privity of estate with a predecessor in the proponent's chain of title under whose ownership a prescriptive easement had vested. Rather, when the parties seek a judicial determination conclusively settling their respective property interests, and the proponent of the alleged easement provides evidence that the easement has been used in excess of the 15-year prescriptive period by many years, the burden of production is then shifted to the opponent of the easement to establish that the use was merely permissive.

2. The Court of Appeals erred by concluding that plaintiff's claim failed because no previous owner of the car wash asserted a claim of prescriptive easement over defendant's property. If a prior property owner had successfully asserted a prescriptive easement claim, marketable title of record as a result of the previous judicial decree would already exist for the property, and the current property owner would have no reason to file a lawsuit seeking to establish record title to the property by prescriptive easement. Moreover, one gains title by

adverse possession when the period of limitations expires, not when an action regarding the title to the property is brought. Defendant's concern that a contrary holding would recognize the existence of secret easements not apparent to the purchaser of the servient estate was unfounded given that, in order to successfully establish a prescriptive easement, a plaintiff must show clear and cogent proof of possession that is so open, visible, and notorious as to raise the presumption of notice to the world that the right of the true owner is invaded intentionally in such a way that if the true owner remains in ignorance it is that person's own fault. In addition, a prescriptive easement is extinguished after 15 years of nonuse by the owner of the dominant estate, and a purchaser who did not know about the existence of a claim of title will be regarded as a bona fide purchaser without notice if the land is not adversely held by a party in possession at the time of purchase.

Reversed in part and remanded to the Court of Appeals.

Justice CLEMENT took no part in the decision of this case.

©2018 State of Michigan

# OPINION

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement

FILED March 19, 2018

S T A T E  O F  M I C H I G A N

SUPREME COURT

MARLETTE AUTO WASH, LLC,

     Plaintiff-Appellant,

v

No. 153979

VAN DYKE SC PROPERTIES, LLC,

     Defendant-Appellee.

BEFORE THE ENTIRE BENCH (except CLEMENT, J.)

WILDER, J.

In this case, plaintiff claims a prescriptive easement for ingress and egress over defendant's property on the basis of plaintiff's open, notorious, adverse, and continuous use of that property for at least 15 years. The question presented here is whether such use creates a prescriptive easement that is appurtenant, without regard to whether the previous owner of the dominant estate took legal action to claim the easement. The answer to that inquiry is yes.

MCL 600.5801(4), which provides for a 15-year period of limitations, is not contingent on whether the prior owner of the dominant estate took legal action to claim the prescriptive easement. Moreover, our caselaw establishes that one seeking to obtain record title of a prescriptive easement may establish that the elements were met by a prior owner in the claimant's chain of title. When a prescriptive easement has vested under a previous property owner's possession, the easement is appurtenant and is conveyed to subsequent owners in the chain of title without the need to show privity of estate. *Wortman v Stafford*, 217 Mich 554; 187 NW 326 (1922); *Haab v Moorman*, 332 Mich 126; 50 NW2d 856 (1952).

The Court of Appeals erred by requiring plaintiff to establish privity of estate with the previous owner, regardless of whether plaintiff could establish that the elements of a prescriptive easement were satisfactorily met by that prior owner. Moreover, the Court of Appeals erred by holding that the previous owner of the dominant estate must have taken legal action to claim the prescriptive easement in order for plaintiff to prove that a prescriptive easement had vested during the preceding property owner's tenure. Title by adverse possession is gained when the period of limitations expires, not when legal action quieting title to the property is brought. See *Gardner v Gardner*, 257 Mich 172, 176; 241 NW 179 (1932); *Matthews v Natural Resources Dep't*, 288 Mich App 23, 37; 92 NW2d 40 (2010). We reverse the Court of Appeals judgment in part and remand to that Court for consideration of any outstanding appellate issues in this case.

## I.  FACTS AND PROCEEDINGS

In early 1988, Bernard and Evelyn Zyrowski owned a single unimproved tract of land at the corner of M-53 and Enterprise Drive (which later came to be known as Euclid Street) in Marlette, Michigan.  The land was conveyed to B & J Investment Company, which was owned by Bernard Zyrowski and his son James Zyrowski.  The land was split into two parcels.

In the summer of 1988, B & J Investment began construction of a car wash on one of the two parcels.  The remaining parcel was sold to Marlette Development Corporation by land contract on October 5, 1988.  The car wash began operating in 1989, and from that date onward customers of the car wash used the parking lot of the other parcel as one means of ingress to and egress from the car wash.  In March 1990, Marlette Development's land contract was paid off and the deed recorded.  No easement was reserved for the benefit of the car wash property.  Several months later, Marlette Development Corporation opened a shopping center on their property.

In March 2000, the village of Marlette closed the north entrance to the car wash from Euclid Street.  After the entrance was closed, B & J Investment expanded the car wash, adding four additional car wash bays across that newly closed entrance.  Closing the north entrance left two ways to access the car wash: (1) from M-53, and (2) through the shopping center parking lot.  The M-53 access was problematic, however, because it required customers to drive through a (sometimes occupied) semi-truck car wash bay in order to access the western portion of the car wash property.  Access to this portion of the property was necessary for all those customers wishing to use the automatic car wash bays or the four newly built self-service car wash bays.  Local residents testified that they

never saw anyone access the car wash by the M-53 entrance because it was a dangerous turn.

In April 2005, B & J Investment sold the car wash to Lipka Investments. At closing, Gary Lipka inquired how customers were to access the western portion of the car wash property. He was informed by Zyrowski that the car wash had been accessed through the shopping center parking lot since the car wash opened and that the parking lot was owned by the "Marlette Business Group." After talking to Zyrowski, Lipka believed that there would be no issue with the continued use of the parking lot because it had "been used for so long and never been blocked off . . . ."

Approximately one year later, Lipka Investments defaulted on its loan with Tri-County Bank. Lipka Investments conveyed the car wash property to the bank in lieu of foreclosure on July 14, 2006. Shortly thereafter, the bank conveyed the property to GLCW, LLC, the property-holding entity of the bank. On September 28, 2006, GLCW entered into a lease and purchase agreement with plaintiff Marlette Auto Wash, LLC.

Six months later, Marlette Auto Wash purchased the property from GLCW. The purchase agreement did not include an easement, and Marlette does not allege that any statements were made regarding vehicular access at the time of purchase. Customers continued without interference to access the car wash by driving through the shopping center parking lot.

On May 22, 2013, defendant, Van Dyke SC Properties, LLC, purchased the shopping center property from Marlette Development Corporation. James Zyrowski, former co-owner of B & J Investment, is the sole owner of Van Dyke Properties. After undergoing renovations, the shopping center opened in November 2013. Shortly after

4

opening the shopping center, defendant made clear that unless plaintiff contributed $1,500 per month to support the overall maintenance of the parking lot, defendant would park trailers at the property line, closing off access to the car wash. Plaintiff refused.

The following month, the village of Marlette encountered heavy snowfalls. After plaintiff plowed snow from its property onto defendant's property, defendant blocked the western entrance to the car wash with snow, rendering the car wash property inaccessible for a day and a half. After that incident, plaintiff filed the present lawsuit, claiming an easement for ingress and egress through defendant's parking lot. Defendant filed a counterclaim, seeking to quiet title and seeking monetary damages for parking lot maintenance, upkeep, and insurance.

A bench trial was conducted. At trial, James Zyrowski testified that he believed that B & J Investment had permission to use the parking lot for ingress to and egress from the car wash during the period that he and his father owned the car wash. This belief was based on a conversation that Zyrowski had with his father. Zyrowski did not recall when the conversation with the elder Zyrowski took place. Zyrowski was not present when the permission was allegedly given to his father, did not recall the year permission was given to his father, and did not recall any details regarding the scope of the permission. He acknowledged that B & J Investment never contributed any money toward the upkeep and maintenance of the parking lot.

In a written opinion, the trial court held that plaintiff had established a prescriptive easement for ingress and egress over defendant's property. The court found, among other things, that a prescriptive easement benefiting the car wash had vested in 2005. The court further concluded, given its authority as a court of equity, that the person now

5

trying to preclude the current owners of the car wash from using the parking lot access was the same person who used this same parking lot for access to *his* car wash when he owned the car wash property. The trial court excluded defendant's evidence in support of its counterclaim seeking "amounts claimed for contributions for parking lot expenses," because the evidence was not disclosed to plaintiff before trial.

In an unpublished per curiam opinion, the Court of Appeals affirmed in part, vacated in part, and remanded for entry of judgment in defendant's favor on the prescriptive easement issue. The Court of Appeals affirmed the trial court's decision regarding defendant's counterclaim, concluding that the trial court had not erred by excluding defendant's evidence as a discovery sanction.

Concerning the easement claim, the Court of Appeals reversed, holding that the trial court had erred by granting a prescriptive easement because plaintiff had failed to establish privity of estate with the previous owner. Plaintiff argued that privity need not be established because the 15-year period elapsed during the time that Zyrowski owned the car wash, and a prescriptive easement vested to the benefit of all subsequent property owners. While the Court of Appeals acknowledged that a property interest acquired through adverse possession vests when the statutory period expires and not when the action was brought, the Court of Appeals held that plaintiff's claim failed because "no previous owner of the car wash asserted a claim of prescriptive easement with regard to defendant's property." *Marlette Auto Wash, LLC v Van Dyke SC Props, LLC*, unpublished per curiam opinion of the Court of Appeals, issued May 10, 2016 (Docket No. 326486), p 3. The panel, being of the view that plaintiff had failed to support its assertion that privity of estate need not be established after the 15-year period is met by a

6

previous owner with any legal authority, cited *Reed v Soltys*, 106 Mich App 341, 346; 308 NW2d 201 (1981), for the proposition that a presumption of a prescriptive easement arises only when the property has been used in excess of the statutory period by "many years," and concluded that because the shopping center parking lot had not been used adversely for "many years" more than 15, no such presumption arose in this case. *Marlette*, unpub op at 3.

We granted plaintiff's application for leave to appeal, asking the parties to address "whether open, notorious, adverse, and continuous use of property for at least fifteen years creates a prescriptive easement that is an easement appurtenant, without regard to whether the owner of the dominant estate took legal action to claim the easement." *Marlette Auto Wash, LLC v Van Dyke SC Props, LLC*, 500 Mich 950 (2017).

## II. ANALYSIS

Whether a predecessor in title to a dominant estate is required to take legal action to claim a prescriptive easement in order to create an easement appurtenant is a question of law, which we review de novo. See *Beach v Lima Twp*, 489 Mich 99, 106; 802 NW2d 1 (2011). Moreover, an action to quiet title is an equitable action that we also review de novo. *Id.*

The adverse-possession statute, first codified in 1846, has a long pedigree in Michigan law.[1] MCL 600.5801 provides in relevant part:

---

[1] Initially, the period of limitations was 20 years. See 1846 RS, ch 139, § 1; 1857 CL 5350. The 15-year period of limitations was first adopted in 1863. See 1863 PA 227, § 1.

7

No person may bring or maintain any action for the recovery or possession of any lands or make any entry upon any lands unless, after the claim or right to make the entry first accrued to himself or to someone through whom he claims, he commences the action or makes the entry within the periods of time prescribed by this section.

\* \* \*

(4) In all other cases under this section, the period of limitation is 15 years.

The elements of adverse possession are also well established. A party claiming adverse possession must show clear and cogent proof of possession that is actual, continuous, open, notorious, exclusive, hostile, and uninterrupted for the relevant statutory period. *Yelverton v Steele*, 40 Mich 538, 542 (1879); *Vanden Berg v De Vries*, 220 Mich 484, 486; 190 NW 226 (1922); *Beach*, 489 Mich at 106. When the elements of adverse possession have been met, " 'the law presumes that the true owner, by his acquiescence, has granted the land, or interest to the land, so held adversely.' " *Marr v Hemenny*, 297 Mich 311, 314; 297 NW 504 (1941), quoting *Turner v Hart*, 71 Mich 128, 138; 38 NW 890 (1888). See also *Smith v Dennedy*, 224 Mich 378, 384; 194 NW 998 (1923) (concluding that, after 17 years of use, "[t]he statutory period having run, the prescriptive right ripened").

Just as ownership of land may be acquired through adverse possession, so too may an easement be acquired through prescription. *Outhwaite v Foote*, 240 Mich 327, 330-331; 215 NW 331 (1927). "The elements necessary to give rise to a prescriptive right are the same as those of title by adverse possession, with the exception that it does not have to be exclusive." *St Cecelia Society v Universal Car & Serv Co*, 213 Mich 569, 576; 182 NW 161 (1921); see also *Barbaresos v Casaszar*, 325 Mich 1, 8; 37 NW2d 689 (1949); *Matthews*, 288 Mich App at 37.

If "no single period" of adverse use amounts to the 15-year statutory period, a party claiming a prescriptive interest may tack the possessory periods of their predecessors in interest "to aggregate the 15-year period of prescription" if the claimant can show privity of estate. *Stewart v Hunt*, 303 Mich 161, 164; 5 NW2d 737 (1942); see also *von Meding v Strahl*, 319 Mich 598, 614; 30 NW2d 363 (1948). Privity of estate may only be established in very limited circumstances. The first is when the deed includes a description of the disputed property. *Arduino v Detroit*, 249 Mich 382, 384; 228 NW 694 (1930). The second circumstance occurs when there is an actual transfer or conveyance of the disputed property by parol statements made at the time of conveyance. *Sheldon v Mich C R Co*, 161 Mich 503, 509-510; 126 NW 1056 (1910); *Gregory v Thorrez*, 277 Mich 197, 201; 269 NW 142 (1936). Lastly, a parol transfer may occur if a property owner is "well-acquainted" with the previous property owner and had visited and used the disputed property "for many years" before acquiring title. Under those circumstances, "the parties must have understood that an easement was appurtenant to the land[.]" *von Meding v Strahl*, 319 Mich at 615.

Defendant contends that plaintiff's prescriptive easement claim fails because plaintiff has not used defendant's property for 15 years and cannot establish privity of estate. However, Michigan caselaw makes clear that a claimant seeking to prove the existence of a prescriptive easement may establish that the requisite elements were met by the claimant's predecessor in interest. When a prescriptive easement vests with the claimant's predecessors in interest, the easement is appurtenant and transfers to subsequent owners in the property's chain of title without the need for the subsequent owner to establish privity of estate.

In *Wortman*, 217 Mich 554, La Vern Wortman and George Stafford each owned adjoining 40-acre parcels. The defendant's property had previously belonged to his father, Jonathan Stafford, and for 40 years or so Jonathan Stafford crossed the plaintiff's property in order to access the highway. Jonathan Stafford paid the previous owner $50 for a right of passage, but no writing existed to establish the nature of the right. The plaintiff filed suit to quiet title to the property, claiming that the use was "a life lease or mere license," which could not ripen into a prescriptive easement. *Id*. at 557. The defendant, on the other hand, claimed that the use was a contractually secured right of way "perfected by prescription" that passed with the property. *Id*. at 556.

The *Wortman* Court held that the facts indicated "an easement rather than a lease or a license." *Id*. at 559. Quoting *Berkey & Gay Furniture Co v Valley City Milling Co*, 194 Mich 234, 242; 160 NW 648 (1916), the Court stated that " 'the open, notorious, continuous[,] and adverse use across the land of another' " for the requisite period of limitations " 'afford[ed] a conclusive presumption of a written grant of such way . . . .' " *Wortman*, 217 Mich at 559. Moreover, " 'when the passway has been used for something like a half century, it is unnecessary to show by positive testimony that the use was claimed as a matter of right, but that after such use[] the burden is on the plaintiff to show that the use was only permissive.' " *Id*., quoting *Berkey*, 194 Mich at 242. The *Wortman* Court agreed with the trial court that the plaintiff failed to show that the defendant's use was merely permissive.

The plaintiff next argued that the defendant could not tack the defendant's period of use to that of his predecessor in interest, Jonathan Stafford. The Court rejected the claim that the defendant was required to establish privity of estate, holding:

10

The question of the continuity of possession and use[] by successive holders in privity to sustain title by prescription is not involved here. *The statute of limitations had run its course in his favor long before the elder Stafford died.* Like peaceable possession and use[] continued thereafter by his successors *as of right*, and not of suffrance was but confirmatory of his established easement. [*Wortman*, 217 Mich at 560 (emphasis added).]

In *Haab*, 332 Mich 126, four property owners filed suit to prevent the defendants from blocking an alley that ran behind the plaintiffs' properties. The trial court denied injunctive relief. On appeal, this Court reversed the trial court, concluding that the plaintiffs had easements in the alley. Regarding three of the property owners, the Court held that the defendants were estopped from denying a right of way appurtenant to their properties in the alley, given that the deeds of the property owners indicated that their land was bounded by a private alley or passageway.

Concerning the fourth property owner, Peter Karson, the Court held that he possessed a prescriptive easement in the alley, explaining:

The trial court in its opinion refers to the case of *Zemon v Netzorg*, 247 Mich 563 [226 NW 242 (1929)] which held that one might not tack his adverse holdings for less than the prescriptive period of 15 years, even if the predecessor's holdings are shown to be adverse, if there is no conveyance to him or in his chain of title purporting to convey such an easement. One Adam Schaner, however, held the Karson parcels for more than 30 years *and so established in his own name a valid easement without tacking*. Once established, the right-of-way was an easement appurtenant and therefore passed by the deed of the dominant estate although not expressly mentioned in the instrument of transfer, and even without the word "appurtenances." [*Haab*, 332 Mich at 143-144 (emphasis added).]

The Court noted that the testimony of elderly witnesses established that the alley had been used by the dominant estates "the entire time they were owned by Schaner, as well as continuously up to the present time." *Id*. at 144. Citing *Berkey & Gay Furniture*

11

*Co*, the Court held that because the alley had been "used openly and notoriously for over a quarter of a century," the plaintiff was not required to prove that that the use was claimed as a matter of right. *Id.* Rather, "the burden would be on the [defendants] to show that the use was only permissive." *Id.* Because "the alley had been used continuously, openly, and notoriously," the alley "became an appurtenant easement to the Schaner properties," and the alley was "used by Karson and his predecessors in title *as a matter of right*, not by permissive use . . . ." *Id*. at 145 (emphasis added).

It is evident that, under both *Wortman* and *Haab*, when a claimant can demonstrate that a predecessor-in-interest met the requirements for the establishment of a prescriptive easement, the vested easement transfers to subsequent property owners in the chain of title without the obligation to show privity of estate. *Wortman* and *Haab* also hold that, when the property has been adversely used in excess of the prescriptive period for a substantial period of time, the burden shifts to the servient estate owner to show that the use was merely permissive. We reaffirm these principles in this case.

The Court of Appeals purported to rely on *Reed*, 106 Mich App 341, as support for its holding that plaintiff was required to show privity of estate because "a presumption of a prescriptive easement" may arise when property has been used in excess of the prescriptive period by " 'many years.' " *Marlette*, unpub op at 3, quoting *Reed*, 106 Mich App at 346. Not only is this conclusion inconsistent with the plain language of MCL 600.5801(4), *Reed* simply does not stand for that proposition. *Reed*, citing *Haab*, articulated the same burden shifting that was expressed in both *Haab* and *Wortman*:

Mutual or permissive use of an area will not mature into a prescriptive easement unless the period of mutuality ends and adverse use continues for the statutory period. However, when use has been in excess of the prescriptive period by many years, a presumption of a grant arises and the burden shifts to the servient estate owner to show that use was merely permissive. [*Reed*, 106 Mich App at 346 (citations omitted).]

As noted in both *Wortman* and *Haab*, the fact that property has been used in excess of the prescriptive period for "many years" is not pertinent to whether the requirements of a prescriptive easement have been met; nor is it germane to whether the proponent of the easement is required to establish privity of estate with a predecessor in the proponent's chain of title under whose ownership a prescriptive easement had vested. Rather, when the parties seek a judicial determination conclusively settling their respective property interests, and the proponent of the alleged easement provides evidence that the easement has been used in excess of the 15-year prescriptive period by "many years," the burden of production is then shifted to the opponent of the easement to establish that the use was merely permissive. See *Berkey & Gay Furniture Co*, 194 Mich 234; *Wortman*, 217 Mich 554; *Engleman v Kalamazoo*, 229 Mich 603; 201 NW 880 (1925); *Outhwaite*, 240 Mich 327; *Beechler v Byerly*, 302 Mich 79; 4 NW2d 475 (1942); *Haab*, 332 Mich 126; *Myer v Franklin Hotel Co*, 354 Mich 552; 93 NW2d 224 (1958); *Loehr v Cochran*, 14 Mich App 345, 347; 165 NW2d 485 (1968) ("The essence of this presumption is that long-standing use of another's property, e.g., over 50 years, shifts the burden to the defendant-owner, to show the use was permissive."); *Widmayer v Leonard*, 422 Mich 280, 290; 373 NW2d 538 (1985) (holding that the burden of persuasion concerning a prescriptive easement remains with the claimant throughout trial; however,

after many years of use, the burden of producing evidence shifts to the opponents of the easement to establish that the claimant's use was merely permissive).

The Court of Appeals' alternative rationale for rejecting plaintiff's claim is equally without merit. Quoting *Gorte v Dep't of Transp*, 202 Mich App 161; 507 NW2d 797 (1993), the Court of Appeals held that the person claiming a prescriptive easement must "act on the purported acquired right" because " 'the expiration of the period of limitation terminates the title of those who slept on their rights and vests title in *the party* claiming adverse possession.' " *Marlette*, unpub op at 3, quoting *Gorte*, 202 Mich App at 168. In the Court of Appeals' view, plaintiff's claim failed because "[i]t is undisputed that no *previous* owner of the car wash asserted a claim of prescriptive easement with regard to defendant's property." *Id*. (emphasis added).

It is not clear why the Court of Appeals believes a prior property owner must have previously asserted a prescriptive easement claim in order for a prescriptive easement to vest, because, if a prior property owner had successfully asserted a prescriptive easement claim, marketable title of record as a result of the previous judicial decree would already exist for the property, and the current property owner would have no reason to file a lawsuit seeking to establish record title to the property by prescriptive easement. See *Escher v Bender*, 338 Mich 1, 8; 61 NW2d 143 (1953). Moreover, nothing in *Gorte* requires that a prior property owner assert a legal claim in order for a prescriptive easement to vest. In *Gorte*, the defendant argued that the plaintiffs' title to the land did not vest upon the expiration of the period of limitations but, instead, plaintiffs' possession of the property simply gave the plaintiffs the ability "to raise the expiration of the period

14

of limitation as a defense to defendant's assertion of title." *Gorte*, 202 Mich App at 168.

The *Gorte* panel concluded:

> Contrary to defendant's arguments, however, Michigan courts have followed the general rule that the expiration of the period of limitation terminates the title of those who slept on their rights and vests title in the party claiming adverse possession. Thus, assuming all other elements have been established, one gains title by adverse possession when the period of limitation expires, not when an action regarding the title to the property is brought. [*Id*. at 168-169 (citations omitted).]

Therefore, that portion of *Gorte* quoted by the Court of Appeals simply describes the general effect of an adverse-possession claim, assuming that all the other elements have been established. It does not stand for the proposition that a party must file a legal claim for title to vest by adverse possession. The final sentence of the quoted *Gorte* language specifically provides otherwise: one gains title by adverse possession when the period of limitations expires, not when an action regarding the title to the property is brought.[2] Furthermore, as this Court has explained, an adverse possessor acquires legal title to property when the statutory period ends, but that title is neither recorded nor marketable until the property interest is established by judicial decree:

---

[2] The panel also cited *Siegel v Renkiewicz Estate*, 373 Mich 421, 425; 129 NW2d 876 (1964), to support its holding that tacking cannot occur without privity of estate. While it is certainly true that tacking cannot occur without privity of estate, *Siegel* has no application to the present case. In *Siegel*, the Court held that plaintiff's prescriptive-easement claim failed because "neither plaintiff nor any of his predecessors in title enjoyed possession or use[] of the parcels in question for the necessary 15-year period," and no proof was offered regarding privity of estate. *Id*. at 425-426. *Siegel* did not hold that privity of estate was required in a case like this, where it is claimed that a prescriptive easement vested under a claimant's predecessors in interest.

15

This Court has long recognized the common law doctrine of adverse possession, which the Legislature has since codified. To establish adverse possession, the party claiming it must show "clear and cogent proof of possession that is actual, visible, open, notorious, exclusive, continuous and uninterrupted for the statutory period of 15 years, hostile and under cover of claim of right." After the statutory period ends, the record owner's title is extinguished and the adverse possessor acquires "legal title" to the property. Acquisition of title in this manner includes "the right to defend the possession and to protect the property against the trespass of all others." *However, the title acquired by adverse possession is neither record title nor marketable title until the adverse possessor files a lawsuit and obtains a judicial decree.* Thus, until an adverse possessor obtains the necessary judicial decree, there is no record of the adverse possessor's ownership interest to verify whether the possessor actually satisfied the elements of adverse possession. [*Beach*, 489 Mich at 106-107 (emphasis added; citations omitted).]

In urging the correctness of the Court of Appeals opinion, defendant argues that, if this Court does not require a prior property owner to take legal action to claim a prescriptive easement, the law would recognize the existence of "secret" easements not apparent to the purchaser of the servient estate. Defendant, having enjoyed the beneficial use of the parking lot access to the car wash, certainly has no legitimate argument that the claimed easement was in any way "secret." Moreover, in order for plaintiff to successfully establish a prescriptive easement, plaintiff must show clear and cogent proof of possession that is actual, continuous, open, notorious, hostile, and uninterrupted for the relevant statutory period. " 'The possession must be so open, visible, and notorious as to raise the presumption of notice to the world that the right of the true owner is invaded intentionally, and with the purpose to assert a claim of title adversely to his, *so that if the true owner remains in ignorance it is his own fault*.' " *Ennis v Stanley*, 346 Mich 296, 301; 78 NW2d 114 (1956), quoting *McVannel v Pure Oil Co*, 262 Mich 518, 525-526;

16

247 NW 735 (1933) (emphasis added). See also *Doctor v Turner*, 251 Mich 175, 186; 231 NW 115 (1930).

Thus, the very claim that plaintiff is required to prove by clear and cogent proof militates against ancient prescriptive easements arising under clandestine circumstances. Moreover, defendant's specter of secret prescriptive easements that "spring to life" many decades after their purported creation are allayed by existing legal principles. A prescriptive easement is extinguished after 15 years of nonuse by the owner of the dominant estate, without the servient estate being required to prove that its possession was hostile or adverse. *McDonald v Sargent*, 308 Mich 341, 344; 13 NW2d 843 (1944). Furthermore, a purchaser who did not know about the existence of a claim of title will be regarded as a bona fide purchaser without notice if the land is not adversely held by a party in possession at the time of purchase. See *Russell v Sweezey*, 22 Mich 235, 238-239 (1871). A bona fide purchaser "takes the property free from, and not subject to," the rights or interests of a third party. 1 Cameron, Michigan Real Property Law (3d ed) § 11.21, p 396.

### III. CONCLUSION

Michigan caselaw establishes that the open, notorious, adverse, and continuous use of property for the relevant statutory period creates a prescriptive easement that is appurtenant, without the need for the claimant to show privity of estate with the prior owner. *Wortman*, 217 Mich 554; *Haab*, 332 Mich 126. Moreover, the prior owner of the dominant estate is not required to take legal action to claim the easement in order for a vested prescriptive easement to exist. Because the Court of Appeals erred by concluding

17

otherwise, we reverse the judgment of Court of Appeals in part and remand to that Court for consideration of any remaining appellate issues.

Kurtis T. Wilder
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein

CLEMENT, J., took no part in the decision of this case.