*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CAROL COSTELLO,

      Plaintiff/Counterdefendant-
      Appellant,

v

INDN, LLC,

      Defendant/Counterplaintiff-
      Appellee.

UNPUBLISHED
January 29, 2019

No. 341012
Wayne Circuit Court
LC No. 16-006461-CH

Before: MURRAY, C.J., and SERVITTO and SHAPIRO JJ.

PER CURIAM.

In this action for trespass and quiet title, plaintiff appeals the trial court's order granting defendant summary disposition pursuant to MCR 2.116(C)(10). The trial court's order established that defendant has a prescriptive parking easement on plaintiff's property. For the reasons stated below, we affirm.[1]

## I. BACKGROUND

The material facts of this case are undisputed. The parties own adjacent parcels of land on Macomb Street in Grosse Ile Township. A shared driveway runs between the parcels.[2] The south 20 feet of plaintiff's residential property is a gravel parking area, which forms the basis of this dispute. Plaintiff's parcel was previously owned by Michael Armstrong, and defendant's

---

[1] We review de novo a trial court's grant of summary disposition. A trial court properly grants a motion for summary disposition under MCR 2.116(C)(10) when "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Greene v AP Prod, Ltd*, 475 Mich 502, 507; 717 NW2d 855 (2006).

[2] The trial court's order also resolved the parties' dispute over the driveway, which is not at issue in this appeal.

property was owned by Clifford and Ernestine Gronda. The Gronda family lived on the property and also leased space to a hair salon. In 1998, after off-street parking was removed on Macomb Street, Clifford Gronda requested a variance to allow parking on the south 20 feet of Armstrong's parcel. The zoning board approved the variance on the condition that Armstrong and Gronda execute a "parking grant of easement" to that effect. A parking grant of easement was drafted and signed by Armstrong and Gronda, but the document was never recorded. The hair salon's employees and customers have continuously used the parking area since 1998.

In 2008, plaintiff purchased the Armstrong's property via a land contract. The "Hair Studio Parking" sign on the property prompted plaintiff to have a discussion with the Grondas' daughter regarding the parking area. The daughter informed plaintiff that there was a "verbal agreement" regarding the use of that area. At one point, plaintiff installed a sign that stated, "private property for salon clients only," to prevent non-salon customers from parking in that area. Plaintiff explained that the size of the salon has grown over time, increasing the use of the parking area. At some point, defendant obtained title to the Grondas' parcel.[3]

In 2016, plaintiff blocked the parking area and litigation ensued. Plaintiff sought quiet title of the parking area. Defendant filed a counterclaim, requesting that the trial court confirm its easement to use the parking lot. The parties filed competing motions for summary disposition. Relying on *Mulcahy v Verhines*, 276 Mich App 693; 742 NW2d 393 (2007), the trial court granted defendant's motion for summary disposition, reasoning that the 1998 parking easement created an imperfect servitude which ripened into a prescriptive easement. The court ordered that the easement may only be used by the customers of the businesses operated on defendant's parcel.

## II. ANALYSIS

"An easement is the right to use the land of another for a specified purpose." *Penrose v McCullough*, 308 Mich App 145, 148; 862 NW2d 674 (2014) (quotation marks and citation omitted). "Just as ownership of land may be acquired through adverse possession, so too may an easement be acquired through prescription." *Marlette Auto Wash, LLC v Van Dyke SC Props, LLC*, 501 Mich 192, 202; 912 NW2d 161 (2018). Generally, a prescriptive easement "results from open, notorious, adverse, and continuous use of another's property for a period of 15 years." *Matthews v Natural Resources Dep't*, 288 Mich App 23, 37; 792 NW2d 40 (2010). However, a prescriptive easement also arises from use of another's property "that is made pursuant to the terms of an intended but imperfectly created servitude, or the enjoyment of the benefit of an intended but imperfectly created servitude." *Mulcahy*, 276 Mich App at 700, quoting Restatement Property, 3d, Servitudes, § 2.16, pp 221-222 (emphasis removed).

*Mulcahy*, 276 Mich App 693, is strikingly similar to the present dispute. In *Mulcahy*, the original property owner operated a business on the western half of a property lot and intended to build a muffler shop on the eastern half of the lot. *Id*. at 695. The owner sought the municipality's approval to split the lot for the purpose of granting reciprocal access and parking

---

[3] Defendant's sole member and owner is the Grondas' son, Philip Gronda.

rights between the lots. *Id*. The municipality approved the request with numerous conditions, including the execution of an easement agreement. *Id*. at 696. Although a proposed easement agreement was drafted, it was never signed or recorded. *Id*. The lots were deeded to the respective parties in *Mulcahy* but no mention of the easement agreement was made in either conveyance. *Id*. The plaintiffs leased the muffler shop, located on the eastern lot, to a tenant who "had always parked" vehicles in the defendants' western lot parking area. *Id*. at 697. When use of the parking lot became "burdensome," the defendants blocked the plaintiffs' access to the property. *Id*. The plaintiffs sought declaratory and injunctive relief, arguing that they had a prescriptive easement to use the defendants' property. *Id*. The defendants contended that there was not a prescriptive easement because the plaintiffs' use of the property was permissive. *Id*.

In holding that the plaintiffs had established a prescriptive easement, this Court first determined that the original property owner had "intended to create an easement but inadvertently failed to sign and record the easement agreement." *Id*. at 701. Accordingly, the plaintiffs' and their tenant's use of the western lot "was made pursuant to an intended but imperfectly created servitude." *Id*. at 702. We further found that the plaintiffs' use of the claimed easement for more than 15 years satisfied the "hostile" use requirement, even though the defendants had long acquiesced to the tenant's use of the parking lot:

> The term "hostile," as used in the law of adverse possession, is a term of art and does not imply ill will. The claimant is not required to make express declarations of adverse intent during the prescriptive period. Adverse or hostile use is use that is inconsistent with the right of the owner, without permission asked or given, that would entitle the owner to a cause of action against the intruder for trespassing. The use of another's property qualifies as adverse if made under a claim of right when no right exists. [*Id*. (citations omitted).]

We conclude that *Mulcahy* is highly analogous and controls the outcome in this case. The first issue is whether Armstrong intended but failed to create an easement. Similar to *Mulcahy*, Clifford Gronda's land use request was approved by the municipality on the condition of an executed easement. A "parking grant of easement"[4] was prepared and signed by Armstrong and Gronda.[5] Thus, there is stronger evidence that the property owner in this case intended to create an easement because the easement document was actually signed. The formal requirements to create a servitude were not met because the easement was not recorded. Accordingly, we are considering whether Armstrong *intended* to create an easement. Following

---

[4] Given the title of this document, we reject plaintiff's argument that Armstrong and Gronda intended to create a license rather than an easement.

[5] Plaintiff objects to the document not being signed by Clifford's wife and co-owner Ernestine Gronda. However, plaintiff's argument overlooks that Armstrong, not the Grondas, was the grantor of the intended easement. To the extent that Ernestine's signature was required; this is simply one more reason why an imperfect servitude was created.

*Mulcahy*, the answer is clearly yes.[6] The failure to record the easement means that the hair salon's use of the parking area was made pursuant to the terms of an intended but imperfectly created servitude.

The other requirements for a prescriptive easement are also present in this case. The parties do not dispute that the requisite 15-year period was met or that the use of the parking area was open and notorious. Although the use of the parking area was permissive in the sense that plaintiff and her predecessor in interest were aware of that use and did not object, the hostility requirement is still satisfied because the owners of the Gronda parcel and their tenants did not actually have a *right* to use the parking area. *Mulcahy*, 276 Mich App at 702. Accordingly, defendant established a right to a prescriptive easement.

Affirmed.

/s/ Christopher M. Murray
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro

---

[6] Plaintiff draws some factual distinctions between this case and *Mulcahy* but they do not change the conclusion that Armstrong intended, but failed, to create a formal easement. "[P]recedents [are] to be followed in *similar* future cases, thereby ensuring that like cases are treated alike." *McCahan v Brennan*, 492 Mich 730, 746; 822 NW2d 747 (2012) (emphasis added). Identity of all circumstances is not required.