*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALEXANDER QUEEN,

        Plaintiff/Counterdefendant-Appellee,

v

WOODBURY GREEN CONDOMINIUM
ASSOCIATION,

        Defendant/Counterplaintiff-Appellant.

UNPUBLISHED
December 29, 2022

No. 359092
Wayne Circuit Court
LC No. 21-002163-AW

Before: M. J. KELLY, P.J., and MURRAY and RIORDAN, JJ.

PER CURIAM.

Defendant/counterplaintiff, Woodbury Green Condominium Association, appeals as of right the trial court's order granting summary disposition to plaintiff/counterdefendant, Alexander Queen, in this property dispute involving an alleged prescriptive easement. We reverse and remand to the trial court for further proceedings.

Plaintiff's complaint asserted that he purchased the property commonly known as 13930 Haggerty Road, which was adjacent to defendant's residential condominium development. Plaintiff purchased the property from Tim and Cindy Katona on or about December 8, 2020, and the Katonas had purchased the property on June 5, 1989. Plaintiff asserted that, since 1989, the property "has maintained street access via a gravel driveway, which connects the garage [located behind the home on plaintiff's property] to Woodbury Drive, which is the entry driveway to" defendant's condominium development. The Katonas had used the gravel driveway to access Woodbury Drive—which forced the Katonas to cross approximately 11 feet of property owned by defendant—for more than 30 years because access to Haggerty Road from the garage on plaintiff's property was otherwise not possible. Plaintiff asserted that, based "upon information and belief, the garage and the easement for the garage onto [defendant's property] has existed since 1965, when [defendant's development] was first established and constructed . . . ." Plaintiff alleged that defendant never objected to or interfered with the Katonas' use of defendant's property for ingress

and egress to plaintiff's property. In addition, defendant's property included a curb cut[1] that accommodated the gravel driveway from the garage on plaintiff's property to defendant's property.

In November 2020, the Katonas listed plaintiff's property for sale, and the president of defendant demanded payment "in exchange for granting an easement across [defendant's] property allowing [plaintiff's] property access to Woodbury Drive . . . ." A letter received by the Katonas in November 2020 from the secretary of defendant stated that there was "no easement or other agreement on record." Plaintiff alleged that the Katonas and their predecessors "maintained open, obvious[,] and hostile use" of the gravel driveway leading to defendant's property without objection from defendant. Plaintiff asserted that he had "acquired a prescriptive easement to continue to use [defendant's] property for access to Haggerty Road" because plaintiff and his predecessors had used the easement to access Haggerty Road for more than 30 years in an "actual, adverse, open, and uninterrupted" manner. Defendant subsequently filed an answer to plaintiff's complaint, denying that it never objected to or interfered with the Katonas' use of defendant's driveway and denying that defendant had established a curb cut accommodating the gravel driveway onto defendant's property.

Plaintiff filed a motion for summary disposition pursuant to MCR 2.116(C)(10), asserting that there was no genuine issue of any material fact that he had a prescriptive easement that was "appurtenant for using the driveway across" defendant's property for access to Haggerty Road. He argued that the Katonas established a prescriptive easement over defendant's property, and this easement transferred to plaintiff when he purchased the property from the Katonas. Further, he argued that because the prescriptive easement had been held for more than 30 years, there was a presumption that he held the prescriptive easement. Defendant's response noted that plaintiff sought summary disposition "on a fact-based inquiry before" the trial court had issued a scheduling order. Defendant also argued that there was a question of material fact regarding whether plaintiff's use of defendant's land was permitted.

After hearing the parties' arguments, the court stated that the evidence, including the Katonas' affidavits, photographs of plaintiff's and defendant's properties, the November 2020 letter sent by defendant's secretary to the Katonas, and the Katonas' 1989 purchase contract of the plaintiff's property, "points to [the easement] being in existence and, you know, the testimony is clear that this has been the use for at least 30 years, if not longer, because it was in fact there when the Katona's [sic] purchased it." The court found that all of the elements for the creation of a prescriptive easement were present, and there was "nothing to the contrary that [was] presented, other than the letter that's saying that, at this point in time, . . . they didn't have permission." The court did not believe "that there's any likelihood that further discovery would yield anything to support the nonmoving party prevailing because the Court has everything here," concluding that plaintiff possessed a prescriptive easement, and the court granted plaintiff's motion for summary disposition.

---

[1] The curb cut is a gap in the curb on Woodbury Drive, which allows access to that street from the gravel driveway on plaintiff's property.

Defendant argues that the trial court erred by granting plaintiff's motion for summary disposition because plaintiff failed to establish no genuine issue of material fact that he possessed a prescriptive easement by clear and cogent evidence. Defendant also argues that plaintiff failed to show how the prescriptive easement was created. Further, it argues that there was a question of fact regarding whether defendant permitted plaintiff or the Katonas to use defendant's land.

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *Powell-Murphy v Revitalizing Auto Communities Environmental Response Trust*, 333 Mich App 234, 242; 964 NW2d 50 (2020) (citation omitted). A trial court may properly grant a motion for summary disposition pursuant to MCR 2.116(C)(10) "when the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016) (citation omitted).

"If the moving party properly supports his or her motion, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists." *Redmond v Heller*, 332 Mich App 415, 438; 957 NW2d 357 (2020) (citation omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted). "Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Lowrey*, 500 Mich at 7, quoting *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Lowrey*, 500 Mich at 7, quoting *Quinto*, 451 Mich at 363. This Court's "review is limited to the evidence that had been presented to the circuit court at the time the motion was decided." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009) (citation omitted).

"An easement represents the right to use another's land for a specified purpose." *Plymouth Canton Community Crier, Inc v Prose*, 242 Mich App 676, 678; 619 NW2d 725 (2000) (citation omitted). "An easement does not displace the general possession of the land by its owner, but merely grants the holder of the easement qualified possession only to the extent necessary for enjoyment of the rights conferred by the easement." *Id*. at 679 n 2 (quotation marks and citation omitted). "An easement by prescription results from use of another's property that is open, notorious, adverse, and continuous for a period of [15] years." *Id*. at 679; see MCL 600.5801(4). A party claiming a prescriptive easement is required to prove these elements by "clear and cogent proof." *Marlette Auto Wash, LLC v Van Dyke SC Props, LLC*, 501 Mich 192, 211; 912 NW2d 161 (2018). "Adverse or hostile use is use that is inconsistent with the right of the owner, without permission asked or given, that would entitle the owner to a cause of action against the intruder for trespassing." *Mulcahy v Verhines*, 276 Mich App 693, 702; 742 NW2d 393 (2007). "Mere permissive use of another's property, however, will not create a prescriptive easement." *Plymouth Canton*, 242 Mich App at 679. "When a prescriptive easement vests with the claimant's predecessors in interest, the easement is appurtenant and transfers to subsequent owners in the property's chain of title without the need for the subsequent owner to establish privity of estate." *Marlette Auto Wash, LLC*, 501 Mich at 203-204. Further,

when the parties seek a judicial determination conclusively settling their respective property interests, and the proponent of the alleged easement provides evidence that the easement has been used in excess of the 15-year prescriptive period by many years, the burden of production is then shifted to the opponent of the easement to establish that the use was merely permissive. [*Id*. at 207 (quotation marks and citations omitted).]

We conclude that a genuine issue of material fact existed over whether plaintiff established the "hostile" or "adverse" element of a prescriptive easement. Although it was undisputed that the Katonas had used the gravel driveway from the garage on plaintiff's property to Woodbury Drive for more than 30 years, and that a curb cut accommodated the gravel driveway from the garage on plaintiff's property to defendant's property, the existence of the curb cut creates a genuine issue of material fact regarding whether defendant—at least at one time—permitted the Katonas or other previous owners of plaintiff's property to use defendant's property to access Woodbury Drive. In fact, we can think of no other reason why one would construct[2] a curb cut in front of the gravel driveway unless it was to permit the owner of plaintiff's property to access Woodbury Drive from the garage on plaintiff's property. In addition, the letter that the Katonas received from defendant's secretary stated that defendant was "removing access" from plaintiff's property to defendant's property, which indicates that defendant had previously granted the Katonas permission to use its land. Curiously, and adding to the need for discovery, the letter at the same time declares that the current access was "unapproved,"[3] yet in its ruling, the court made no mention of the curb cut. While it is possible that evidence may exist that defendant expressed its disapproval of the Katonas' use of its land to access Woodbury Drive before the 2020 letter from defendant's secretary—and more than 15 years before the 2020 letter, which would provide the statutory time necessary to establish a prescriptive easement—the curb cut indicates that permission for plaintiff to use defendant's property was likely provided by defendant at one time. "Mere permissive use of another's property, however, will not create a prescriptive easement." *Plymouth Canton*, 242 Mich App at 679. Thus, because the curb cut and other documentary evidence creates a genuine issue of material fact regarding whether the use of defendant's land by plaintiff's predecessors was not hostile, there is a genuine issue of material fact regarding the existence of a prescriptive easement on defendant's property.

Plaintiff relies on *Marlette* in support of his argument "that [when] the proponent of the alleged easement provides evidence that the easement has been used in excess of the 15-year prescriptive period by many years, the burden of production is then shifted to the opponent of the easement to establish that the use was merely permissive." *Marlette*, 501 Mich at 207 (quotation marks and citations omitted). With regard to the curb cut, plaintiff argues that defendant failed to provide any evidence regarding who installed the curb cut or when it was installed. However, as noted above, the existence of the curb cut—in addition to the letter from defendant's secretary indicating that defendant removed access for plaintiff's property to defendant's property—creates

---

[2] According to Tim Katona's affidavit, defendant created the curb cut.

[3] In general, summary disposition is premature if discovery on a disputed issue has not been completed. *Walrath v Witzenmann USA LLC*, 320 Mich App 125, 144; 904 NW2d 875 (2017).

a genuine issue of material fact regarding whether defendant permitted plaintiff's predecessors to use its land to access Woodbury Drive.

Defendant is only required to show that there is a genuine issue of material fact that the use of defendant's land by plaintiff's predecessors was permitted by defendant. *Lowrey*, 500 Mich at 7. Thus, the trial court erred in granting defendant's motion for summary disposition because, when viewing the evidence "in the light most favorable to the nonmoving party," there is a genuine issue of material fact regarding whether plaintiff or the Katonas were permitted to use defendant's land for access to Woodbury Drive. *Id*. at 5.

Reversed and remanded for further proceedings. We do not retain jurisdiction. No costs to either side.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Michael J. Riordan