SIEGEL *v.* RENKIEWICZ ESTATE.

1. EASEMENTS—IMPLIED EASEMENT.
    An easement is implied only in the grant or reservation by
    the common owner of 2 adjacent parcels of property when 1
    parcel is visibly dependent for means of access upon the
    adjacent parcel; visible dependency being best provable by
    preponderant proof.

2. SAME—IMPLIED EASEMENT—OTHER MEANS OF ACCESS.
    An easement along westerly side of defendant's lot for access
    to rear of house on plaintiff's lot will not be implied where
    there is ready access on the westerly side of plaintiff's own
    lots to the rear of his house.

3. ADVERSE POSSESSION—EASEMENT BY PRESCRIPTION—TACKING POS-
    SESSION OR USER.
    The statutory period of user necessary for obtaining title by
    adverse possession or easement by prescription is not fulfilled
    by tacking successive periods of possession or user enjoyed by
    different persons in the absence of privity between those persons
    established by inclusion by reference to the claimed property
    in the instruments of conveyance or by parol references at
    time of conveyance.

4. SAME—ACQUIESCENCE—TACKING OF HOLDINGS.
    Holdings of realty may be tacked to obtain the 15-year minimum
    under the doctrine of acquiescence.

5. BOUNDARIES—MONUMENTS—ACQUIESCENCE.
    Successive neighboring landowners who use property as marked
    by monuments, as if the monuments were accurate, for a
    period of 15 years, fix the property line by acquiescence.

6. SAME—ACQUIESCENCE—SIDEWALKS.
    Acquiescence in use for 30 years of 2-1/2-foot strip on west
    side of defendant's city lot for sidewalk as means of access
    to rear part of plaintiff's adjoining lot established boundary

REFERENCES FOR POINTS IN HEADNOTES
[1] 17A Am Jur, Easements §§ 37–65.
[2] 17A Am Jur, Easements § 64.
[3] 3 Am Jur 2d, Adverse Possession §§ 58–67, 103.
[4] 3 Am Jur 2d, Adverse Possession §§ 58–67.
[5, 6] 12 Am Jur 2d, Boundaries §§ 85, 86.
    Establishment of boundary line by oral agreement or acquiescence.
    113 ALR 421.
[7] 5 Am Jur 2d, Appeal and Error § 1015.

line along the east side of the sidewalk to the southerly side thereof running to plaintiff's rear entrance.

7. COSTS—MODIFICATION OF DECREE.
   Plaintiff who is accorded on appeal fee title to land over which trial court had given him only an easement is given costs, since defendant who had appealed has not prevailed.

Appeal from Wayne; Van Domelen (Harold), J., presiding. Submitted January 9, 1964. (Calendar No. 8, Docket No. 50,275.) Decided September 2, 1964.

Bill by William C. Siegel against the Estate of Walerja Renkiewicz, also known as Valaria Ranke, deceased, to settle boundary line between properties. Decree for plaintiff giving title to land upon which building encroached and easement over parcel used as sidewalk. Defendant appeals. Remanded for modification of decree to give plaintiff fee title to disputed area.

*Thomas Rosender,* for plaintiff.

*Stanley F. Kaczor,* for defendant.

KAVANAGH, C. J. Defendant appeals from decree declaring that plaintiff has title by adverse possession to a strip of defendant's land encroached on by plaintiff's building and an easement by prescription in a sidewalk on defendant's land. Plaintiff's 1960 bill of complaint had sought vesting in himself of a fee simple title in a larger strip of land which included both of above parcels; the amended bill of complaint prayed for the same, or, in the alternative, a prescriptive easement in the sidewalk.

Plaintiff William C. Siegel became vested with fee simple title to lots 361 and 362 of Goodrich & Burton's subdivision in the city of Detroit in 1949. In 1955 he sold the premises on land contract, where-

by the purchaser was entitled to possession, use, and occupancy of said premises. The land contract as drafted does not have any reference to an easement over the west 2–1/2 feet of lot 360 nor does the plaintiff as the vendor obligate himself to assign and transfer to the vendee the aforementioned easement. The easement claim relates to 4 feet of land between plaintiff's house on lot 361 and defendant's house on lot 360 and the use of a 2–1/2-foot sidewalk included therein. The 4-foot strip is legally described as the westerly 4 feet of lot 360, which lot is owned by defendant.

In 1912, one Christ Rossell owned lots 360, 361, and 362, and in 1913 he built a house on lot 361 with a wooden sidewalk contiguous thereto for ingress and egress to the rear entrance of the house. This wooden sidewalk, it now develops, was on the adjoining lot 360. Thereafter, lot 360 was sold to another purchaser, who erected a house and a fence enclosure on 26 feet of its 30-foot width, thus leaving the westerly 4 feet of lot 360 to the use of adjoining lot 361. The sidewalk was made into a concrete walk in 1928. Plaintiff acquired by will a 1/2 interest in lots 361 and 362 in fee simple from his father, who owned the premises from 1928 until his death in 1942. He acquired the other 1/2 interest as a remainderman to a trust set up under his father's will for the care of his mother during her lifetime, with the remainder in fee to pass upon her death to plaintiff. Plaintiff's mother died in 1948.

Plaintiff and his father leased said premises to the same tenants from 1928 to the date of sale by plaintiff on land contract in 1955. The purchasers continued to lease said premises to the same tenants. The record discloses that the tenants continuously used said sidewalk to get to the rear entrance of the house on lot 361. The side wall and eaves of the house on lot 361 extend on and over a portion of the

4 feet of adjoining lot 360, approximately 18/100ths of a foot. The 2-1/2-foot sidewalk extends from the front of the westerly 4 feet of lot 360 and immediately contiguous to the house on lot 361, to about 6 feet beyond the rear of the house where it turns at a right angle into the rear yard and ends approximately at the center of the house where the steps are located leading to the rear entrance of the basement and of the lower and upper flats. The remaining 1-1/2 feet of the 4 feet of lot 360 is bounded by the side wall of the house on lot 360, and from about 1928 to the early 1950's was further bounded by a fence from the edge of said house to the alley in the rear. Between 1952 and 1955 the fence was moved by defendant so that it enclosed the westerly 4 feet of land on lot 360 insofar as the rear yard portion of said lot was concerned, leaving freedom of use for plaintiff of the 4 feet of lot 360 between the houses, including the sidewalk.

It is admitted in the pleadings that plaintiff and his predecessor in title had paid all taxes of every kind on the westerly 4 feet of lot 360 for about 20 years prior to the filing of the bill of complaint. There is disputed testimony as to whether any permission was given to plaintiff's or his predecessor's tenants to use the property.

The trial court entered a decree pursuant to a short bench opinion holding that legal ownership of the west 18/100ths of a foot, or so much of the west part of lot 360 as is encroached upon by the foundation of plaintiff's house on lot 361, belonged to plaintiff William C. Siegel; and further that plaintiff had a nonexclusive, prescriptive right or easement over the west 2-1/2 feet of said lot 360, extending from the front or northern end of said lot 360 to where the concrete walk presently extends to the rear or southern end of the house on lot 361.

The trial court denied defendant's motion to set aside the decree and to grant a rehearing. From the decree as entered, defendant appeals.

There are 3 theories under which plaintiff might be entitled to recovery in this case. They are the doctrine of implied easements, title by adverse possession (and prescriptive easements), and title by acquiescence. In that order we shall examine their applicability.

Plaintiff's claim of implied easement is not proper here. In Michigan an easement is implied only in the grant or reservation by the common owner of 2 adjacent parcels of property when 1 parcel is visibly dependent for means of access upon the adjacent parcel. Recently, Justice BLACK wrote for a unanimous Court:

"This simply suggests that one who would rely upon the rule that grant of an easement may be implied, upon severance, had best prove the factor of visible dependency by preponderant proof." *Ketchel* v. *Ketchel,* 367 Mich 53, 57, 58.

Such proof is impossible in this case, since ready access can obviously be had on the other side of plaintiff's house.

Likewise, it has long been the rule in Michigan that the statutory period of possession or user necessary for obtaining title by adverse possession or easement by prescription is not fulfilled by tacking successive periods of possession or user enjoyed by different persons in the absence of privity between those persons established by inclusion by reference to the claimed property in the instruments of conveyance or by parol references at time of conveyances.[1] In the case at hand neither plaintiff nor any of his predecessors in title enjoyed posses-

---

[1] *Stewart* v. *Hunt,* 303 Mich 161; *von Meding* v. *Strahl,* 319 Mich 598.

sion or user of the parcels in question for the necessary 15-year period. There is no reference to the claimed property in any of the instruments of conveyance in the record and no proof was offered to indicate that a parol reference was made at the time of any of the successive conveyances. Therefore, neither plaintiff nor his predecessor in title acquired title by adverse possession or an easement by prescription in this case.

Proof of privity is not necessary, however, to employ tacking of holdings to obtain the 15-year minimum under the doctrine of acquiescence.[2] Therefore, when successive neighboring landowners use the property as marked by monuments (here sidewalk), as if the monuments were accurate, for a period of 15 years, they have fixed the property line by acquiescence.[3] The property line in the instant case was so established by acquiescence of all owners over a period of approximately 30 years. The line established by acquiescence for more than the statutory period runs along the east side of the sidewalk from the front of lot 360 to a point beyond the rear of plaintiff's house at the south edge of the sidewalk running to plaintiff's rear entrance. The trial court erred in failing to decree title in plaintiff to the above described portion of lot 360.

The cause is remanded for modification by the trial court of its decree to conform to this decision. Defendant-appellant not having prevailed, plaintiff shall have costs.

DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.

[2] *Renwick* v. *Noggle,* 247 Mich 150.
[3] See *Jackson* v. *Deemar,* 373 Mich 22, and the landmark cases cited therein.