*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALEXANDER KRULL,

        Plaintiff-Appellee,

v

SERGEI CHUIKOV and IRINA KOMELKOVA,

        Defendants-Appellants.

UNPUBLISHED
January 22, 2026
11:13 AM

No. 373087
Washtenaw Circuit Court
LC No. 23-001209-CH

Before: GADOLA, C.J., and REDFORD and RICK, JJ.

PER CURIAM.

Defendants appeal as of right an order granting summary disposition to plaintiff under MCR 2.116(C)(8) (failure to state a claim), (C)(9) (failure to state a valid defense) and (C)(10) (no genuine issue of material fact). The order additionally quieted title to a portion of disputed property in plaintiff's favor and granted an easement over the property to defendants. We affirm.

## I. FACTUAL BACKGROUND

This dispute concerns the ownership of a strip of land between the parties' respective properties. Plaintiff owns a vacant parcel of land located at 5100 Park Road, and defendants own the adjoining property at 5078 Park Road. Both properties are located in Washtenaw County, Michigan.[1] Defendants run a daycare out of their home at 5078 Park Road and use the disputed area for ingress and egress, parking, and as a play area for daycare clients. The following photo contains an overhead view of the properties:

---

[1] The legal description of the properties indicates that they are located in Scio Township, Michigan; however, the mailing addresses for the properties indicate that they are located in Ann Arbor.

-1-



The property on the right side is defendants' home at 5078 Park Road, and the property on the left side is plaintiffs' property at 5100 Park Road. The following photo contains a more detailed view of the disputed area:



The disputed area is along the boundary line between the two properties and is partially bisected by the retaining wall. It also contains part of the gravel road and a sprinkler system, as described in the photograph above.[2]

In September 2023, plaintiff filed a complaint to quiet title to the property and for a declaratory judgment. Plaintiff alleged that an asphalt driveway that served defendants' property encroached on plaintiff's land. Plaintiff further alleged that a retaining wall extended into his property, but benefitted defendants' property. Both encroachments appeared to have been in use for 15 or more years "and constitute[d] visible easements for ingress and egress to 5078 Park Road and to prevent erosion and lateral intrusion from 5078 Park." Plaintiff asked that the court determine that defendants had a non-exclusive prescriptive easement for ingress and egress over the driveway and an easement to maintain the existing retaining wall. Plaintiff also requested that the court enter a declaration of specific rights regarding the disputed area.

In November 2023, defendants filed an answer to plaintiff's complaint, generally denying liability, and a list of affirmative defenses, in which they raised the doctrines of adverse possession and acquiescence. Defendants additionally filed a countercomplaint to quiet title. Defendants asserted that they and their predecessors "occupied, possessed, maintained, and used" the driveway since at least 1998. They claimed that they "occupied, possessed, maintained, and used" the surrounding maintenance area since at least 2002 "in a manner that was actual, visible, open, notorious, exclusive, continuous, and uninterrupted" for the statutory 15-year period required under the doctrine of adverse possession. Defendants also raised a claim under the doctrine of acquiescence, stating that "Counter-Defendants, and their predecessors in interest, acquiesced in the exclusive possession, occupation, and use by Counter-Plaintiffs, and their predecessors in interest, of the Driveway and Surrounding Maintenance Area for more than fifteen (15) years." Defendants requested that the court enter an order quieting title and declaring them owners of the driveway and the disputed area. Defendants further asked that the court rule that plaintiff had no "right, title, claim, or interest" in the disputed area.

In December 2023, plaintiff filed a motion for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and (C)(10) (no genuine issue of material fact). In a brief in support of the motion, plaintiff explained that the dispute concerned three adjacent 1.01-acre parcels on Park Road in Scio Township: 5100 Park Road (plaintiff's vacant parcel), 5078 Park Road (defendants' parcel), and 5118 Park Road. All three parcels were originally owned by William and Martha Edwards. The Edwards family owned plaintiff's parcel until 2021, when it was transferred to Martha's daughter, Laura Fader, who then sold it to plaintiff. Plaintiff further explained that defendants purchased their property from Martha's son, Lawrence Edwards, in 2013.

Plaintiff argued that the boundary dispute between the properties at 5100 and 5078 Park Road should be resolved based on the deeds in the public record, which clearly define the property lines. He noted that defendants claimed that the boundary shifted westward based on the doctrines of adverse possession and acquiescence, both of which require a 15-year period of adverse use or

_____

[2] For clarity, the disputed area map has been rotated to match the layout depicted in the overhead view of the properties.

acquiescence to establish a new boundary line. Regarding adverse possession, plaintiff asserted that defendants could not meet the legal requirements, which include proving that possession was actual, continuous, open, notorious, exclusive, hostile, and uninterrupted for the statutory period. Plaintiff reiterated that defendants purchased their property in 2013 and argued that they could not rely on their own actions to establish adverse possession. Instead, they were required to demonstrate that, between 2000 and 2013, Lawrence maintained the property with the intent to claim ownership. Plaintiff contended that defendants had not provided evidence of such intent or any hostile actions by Lawrence, particularly given the familial relationship between Lawrence and Martha, who owned the adjacent property during that time.

On the issue of acquiescence, plaintiff highlighted that defendants were required to establish that the property owners treated a specific boundary line as the true property line for at least 15 years. This required evidence of an agreement, whether explicit or implied, regarding the boundary's location. Plaintiff argued that defendants had not identified any physical markers or conditions on the ground that would indicate such an agreement.

Furthermore, plaintiff contended that the precise zoning requirements for the parcels made it unlikely that Martha and Lawrence would have acquiesced to a boundary change. Plaintiff explained:

> All three lots are 1.01 acre in size and located in the A-1 zoning district of Scio Township. All three lots are served by public water and sewer. The minimum lot size for construction of a residence in the A-1 District, if served by public water and sewer, is 1.0 acres.

Plaintiff reasoned that even a small decrease in the property allotted to 5100 Park Road would dramatically decrease its value and render 5100 Park Road unbuildable. Plaintiff argued that the Edwards family likely did not "acquiesce in such a change and the ensuing loss of value." Ultimately, plaintiff concluded that defendants did not meet the legal or evidentiary standards required to support their claims of adverse possession or acquiescence. Plaintiff requested the court to grant his motion for summary disposition.

Defendants responded that they properly established ownership of the disputed area through the doctrines of adverse possession and acquiescence. Defendants asserted that the driveway and retaining wall were constructed in 1994 and had been used for ingress, egress, parking, and daycare activities ever since. Defendants also stated that they and their predecessors had consistently mowed, watered, and maintained the disputed area. They further argued that their predecessors installed and maintained a sprinkler system and retaining walls that extended into the disputed area, further evidencing their exclusive use and possession.

Regarding the doctrine of adverse possession, defendants again claimed to have satisfied their burden to show entitlement to the property through their actions and those of their predecessors. Regarding the doctrine of acquiescence, defendants contended that plaintiff and his predecessors acquiesced to the boundary defined by the driveway. Defendants argued that plaintiff had failed to present evidence to refute defendant's claims or to create a genuine issue of material fact. Defendants therefore requested that the court deny plaintiff's motion for summary disposition.

A hearing on the matter was held in March 2024, and the parties largely argued consistent with their briefs. The trial court denied plaintiff's motion for summary disposition, finding that questions of fact remained regarding whether defendants could tack on the previous owner's use in order to establish entitlement to the property through adverse possession or acquiescence. The court thereafter entered an order denying the motion for summary disposition.

In April 2024, plaintiff filed a motion for reconsideration. In a brief in support of the motion, plaintiff stated that he had obtained affidavits from Lawrence Edwards and Martha Edwards that were unavailable prior to the court's decision on his motion for summary disposition. Plaintiff explained that, "[i]n the time since the court's decision, the Plaintiffs' Vendor, Laura Fader, through her counsel, has made contact with both Lawrence Edwards, her brother, and Martha Edwards, her mother, and has obtained affidavits which address the issue in question." Plaintiff argued that the affidavits demonstrated that Lawrence's maintenance and use of 5100 Park was with his mother's knowledge and permission and that his activities on the property were not intended to alter boundary lines in the recorded deeds. Plaintiff also noted that the affidavits indicated that Martha and Lawrence never had any agreement or intention to establish boundaries different from those in the recorded deeds.

In his affidavit, Lawrence averred that he "would assist my parents and sister in maintaining all three parcels of land, occasionally cutting grass across all three parcels a few times a year, with no intention of altering the legal boundary lines as established by the legal descriptions for each property." He additionally averred that "[a]ny access or use of any of the three parcels owned and controlled by the family . . . was done with permission and with no intention of establishing any claim to the other plotted parcel." Similarly, Martha averred: "My son Lawrence, with my permission and consent would assist me in maintaining all three parcels of land, occasionally cutting grass across all three parcels a few times a year, with no intention of altering the legal boundary lines as established by the legal descriptions for each property."

In June 2024, the trial court entered an order granting plaintiff's motion for reconsideration, noting that plaintiff had presented evidence not previously reviewed by the court. The order essentially treated the motion for reconsideration as a motion for summary disposition and granted defendants an opportunity to file a brief in response to the motion in light of the new evidence.

In August 2024, defendants responded to the motion for reconsideration. Defendants again argued that they established entitlement to the property through adverse possession by showing clear proof of possession that was actual, continuous, open, notorious, exclusive, hostile, and uninterrupted for the statutory period of fifteen years. They explained that "[t]he house on 5078 Park, two retaining walls, the rock wall at the eastern edge of the retaining wall, the Driveway, and secondary gravel driveway, all of which encroach on 5100 Park, were built by Lawrence Edwards and his father between 1992 and 1994." Defendants claimed that the disputed property had thus been used and maintained in a hostile manner for more than 15 years.

Defendants also argued that Lawrence's affidavit was false, noting that while his affidavit testimony was consistent with testimony given during an August 2024 deposition, his testimony was inconsistent with statements made during a telephone conversation with defendants' counsel. In the telephone conversation, which was transcribed and attached as an exhibit to the response, Lawrence stated that he did not ask his mother for permission to mow the disputed area that

encroached on plaintiff's property. Defendants thus challenged the veracity of the affidavit presented by plaintiff. They contended that Lawrence signed the affidavit solely to placate his sister, who was angry about the property dispute.

Regarding the doctrine of acquiescence, defendants noted that they did not need to prove hostility in order for their claim to succeed. Defendants argued that they and their predecessors treated the boundary between properties as a line from a telephone communications box, along the sprinkler line, to the edge of the retaining wall, ending at a sunken pipe. Defendants further stated that Lawrence Edwards testified that he and his father, who jointly owned 5100 Park Road with Martha, knowingly built improvements that extended beyond their property lines. Based on the foregoing, defendants asked the court to quiet title in their favor.

A second hearing on the motion for summary disposition was held in September 2024. The court examined whether defendants could claim adverse possession by tacking their use of the property onto Lawrence's use as the prior owner of the property. The court ultimately agreed with plaintiff that defendants did not meet the requirements for adverse possession because they had not held the property for the requisite 15-year period and could not tack their ownership onto Lawrence's prior possession of the property. The court further agreed with plaintiff that there was no evidence that Martha had acquiesced to a boundary line with defendants, or that there was a meeting of the minds between the parties to prove that they had acquiesced to a new boundary line.

In October 2024, the trial court entered an order granting plaintiff's motion for summary disposition. The court reiterated that defendants had not shown entitlement to the property under either a theory of adverse possession or acquiescence. The court additionally held that plaintiff's ownership of the property was

> subject to an easement benefiting the owner of the real property located at 5068 Park, allowing the retaining walls and paved and gravel portions of the Defendant's drive to remain and be maintained. Both may be used for normal purposes (play, daily parking) but no extended parking. Play and parking on driveway and gravel driveway allowed for personal children and daycare children. Defendants may leave or remove the sprinklers that currently encroach on Plaintiff's Property.

The court thus quieted title in plaintiff's favor. This appeal followed.

## II. ANALYSIS

Defendants argue that the trial court erred by granting summary disposition to plaintiff. They maintain that the undisputed facts showed that they could establish entitlement to the property through the doctrines of acquiescence and adverse possession, and that summary disposition should have instead been granted in their favor. We disagree.

### A. PRELIMINARY CONSIDERATIONS

As an initial matter, we note that the statement of the issue in defendants' brief on appeal does not match the substance of their brief. The statement of the issue only addresses defendants' argument regarding acquiescence. It makes no mention of their argument regarding adverse

possession. Defendants have therefore waived the issue. See *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 459; 688 NW2d 523 (2004) ("An issue not contained in the statement of questions presented is waived on appeal."). However, we will overlook defendants' failure to preserve the issue in this instance. See *Smith v Foerster-Bolser Const, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006) (stating that this Court may overlook preservation requirements if the "failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented").

Defendants' statement of the issue presented also raises an argument about the credibility of plaintiff's "central witness," Lawrence Edwards, but defendants' argument regarding that issue is not substantively briefed. Generally, if an issue is presented in the statement of issues, but is not substantively addressed in the body of the brief, it is considered abandoned. See *Berger v Berger*, 277 Mich App 700, 712; 747 NW2d 336 (2008) ("A party abandons a claim when it fails to make a meaningful argument in support of its position."). Here, it is clear that defendants' argument regarding Lawrence's credibility is merely part of defendants' larger arguments regarding adverse possession and acquiescence. Thus, to the extent necessary, we will overlook defendants' noncompliance with the court rules and address the matter of Lawrence's credibility as part of defendants' adverse possession and acquiescence claims. See *Mack v Detroit*, 467 Mich 186, 207; 649 NW2d 47 (2002) ("[A]ddressing a controlling legal issue despite the failure of the parties to properly frame the issue is a well understood judicial principle.").

## B. STANDARDS OF REVIEW

Claims for adverse possession, quiet title, and acquiescence are equitable claims that this Court reviews de novo. *Beach v Lima Twp*, 283 Mich App 504, 508; 770 NW2d 386 (2009). This Court also reviews de novo the trial court's ruling on a motion for summary disposition. *Hubbard v Stier*, 345 Mich App 620, 625; 9 NW3d 129 (2023). Here, the trial court granted summary disposition under MCR 2.116(C)(8), (C)(9), and (C)(10).[3] Under MCR 2.116(C)(8), summary disposition is proper if "[t]he opposing party has failed to state a claim on which relief can be granted." When addressing a motion under this subrule, "a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "A motion under MCR 2.116(C)(8) may only be

---

[3] Plaintiff brought his motion under MCR 2.116(C)(8) and (C)(10), not (C)(9). As an initial matter, we note that "[a] trial court is not necessarily constrained by the subrule under which a party moves for summary disposition." *Babi v Estate of Herman*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 364375); slip op at 3 (quotation marks and citation omitted). Here, it is clear that the court added (C)(9) as a subrule based on defendants' decision to raise adverse possession and acquiescence as affirmative defenses. "In circumstances where a party brings a motion under the wrong subrule, the trial court may proceed under the proper rule provided the parties were not misled or otherwise prejudiced by the decision." *Id*. Neither party disputes the general applicability of MCR 2.116(C)(9) in this matter.

granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*.

A motion under MCR 2.116(C)(9) tests the sufficiency of a defendant's pleadings. When deciding a (C)(9) motion, "the trial court must accept as true all well-pleaded allegations and properly grants summary disposition where a defendant fails to plead a valid defense to a claim." *Slater v Ann Arbor Pub Sch Bd of Ed*, 250 Mich App 419, 425; 648 NW2d 205 (2002). Summary disposition is appropriate when "the defendant's pleadings are so clearly untenable that as a matter of law no factual development could possibly deny the plaintiff's right to recovery." *Id*. at 425-426.

A motion under MCR 2.116(C)(10) tests the factual sufficiency of a plaintiff's claim. *El-Khalil*, 504 Mich at 160. When reviewing the trial court's decision to grant or deny summary disposition under MCR 2.116(C)(10), this Court considers the parties' documentary evidence "in the light most favorable to the party opposing the motion." *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018) (quotation marks and citation omitted). A (C)(10) motion is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *El-Khalil*, 504 Mich at 160. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might disagree." *Johnson*, 502 Mich at 761.

While the trial court stated that it granted summary disposition under all three subrules, it clearly considered documentary evidence outside the pleadings, thus rendering summary disposition improper under MCR 2.116(C)(8) and (C)(9). This was procedural error. "However, summary disposition under the incorrect subrule is not fatal . . . if the record supports review under the proper subrule." *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 517; 847 NW2d 657 (2014); see also *Detroit News, Inc v Policemen & Firemen Ret Sys of Detroit*, 252 Mich App 59, 66; 651 NW2d 127 (2002) (quotation marks and citation omitted) ("If summary disposition is granted under one subpart of the court rule when it was actually appropriate under another, the defect is not fatal and does not preclude appellate review as long as the record permits review under the correct subpart."). Here, the record is sufficient to allow this Court to review the matter under MCR 2.116(C)(10).

## C. ACQUIESCENCE

Michigan recognizes three theories of acquiescence: "(1) acquiescence for the statutory period; (2) acquiescence following a dispute and agreement; and (3) acquiescence arising from intention to deed to a marked boundary." *Walters v Snyder*, 239 Mich App 453, 457; 608 NW2d 97 (2000). For acquiescence established through the statutory period, MCL 600.5801(4) requires "a showing that the property owners treated a boundary line or marker as the property line for 15 years." *Houston v Mint Group, LLC*, 335 Mich App 545, 568; 968 NW2d 9 (2021). Unlike adverse possession, "a claim of acquiescence does not require that the possession be hostile or without permission." *Walters*, 239 Mich App at 453 (citation omitted). Instead,

> [t]he law of acquiescence is concerned with a specific application of the statute of limitations to cases of adjoining property owners who are mistaken about where the line between their property is. Adjoining property owners may treat a boundary

line, typically a fence, as the property line. If the boundary line is not the recorded property line, this results in one property owner possessing what is actually the other property owner's land. Regardless of the innocent nature of this mistake, the property owner whose land is being possessed by another would have a cause of action against the other property owner to recover possession of the land. After fifteen years, the period for bringing an action would expire. The result is that the property owner of record would no longer be able to enforce his title, and the other property owner would have title by virtue of his possession of the land. [*Sackett v Atyeo*, 217 Mich App 676, 681-682; 552 NW2d 536 (1996) (quotation marks and citation omitted).]

Thus, while hostility is not required, acquiescence does require evidence that parties treated a particular boundary line as the property line. *Id*. Acquiescence must be proved by a preponderance of the evidence. *Walters*, 239 Mich App at 455.

Here, defendants rely on the actions of their predecessors in order to establish acquiescence for the applicable statutory 15-year period. "The acquiescence of predecessors in title can be tacked onto that of the parties to establish the mandated period of fifteen years." *Houston*, 335 Mich App at 568 (quotation marks and citation omitted). Unlike claims brought under the doctrine of adverse possession, "proof of privity is not necessary . . . to employ tacking of holdings to obtain the 15-year minimum under the doctrine of acquiescence." *Siegel v Renkiewicz' Estate*, 373 Mich 421, 426; 129 NW2d 876 (1964). Defendants contend that the construction of the retaining wall and the driveway, both of which encroach on plaintiff's property, demonstrate that the Edwards family intended to alter the boundary line between the 5100 and 5078 Park Road properties. They also claim that the installation of a sprinkler system in the disputed area is evidence of acquiescence to a new boundary line.

Since acquiescence requires evidence that adjoining property owners treated a particular boundary line as the property line, "[o]nly when there has been some agreement, whether tacit or overt, as to the location of the boundary does the question of acquiescence become important." *Houston*, 335 Mich App at 568 (quotation marks and citation omitted; alteration in original). The affidavits presented by plaintiff establish that no such agreement existed. Both Lawrence and Martha Edwards swore under oath that any use of the disputed property was permissive and that they never intended to alter the legal boundary lines established in the recorded deeds. Martha specifically stated that, "[a]s a family, we looked after each other's parcels with no intention of changing the legally described boundary lines . . . ." This testimony directly contradicts any claim that the parties acquiesced to treating the maintained area as establishing a new boundary line.

Additionally, while defendants point to physical improvements like driveways, retaining walls, and sprinkler systems as evidence of boundary treatment, these improvements were made with the knowledge and permission of both property owners. The fact that plaintiff's and defendants' predecessors—at that time, William and Lawrence Edwards—constructed these improvements together, knowing they extended beyond the surveyed boundary, demonstrates family cooperation rather than boundary acquiescence. The doctrine of acquiescence requires more than mere physical encroachment; it requires evidence that the property owners treated the encroachment as establishing the actual property boundary. *Houston*, 335 Mich App at 568. The affidavit evidence establishes the opposite, and clearly demonstrates that the Edwards family

understood that the legal boundaries remained as described in their deeds despite permissive use arrangements.

Defendants nevertheless argue that the trial court erroneously relied on Lawrence's affidavit in determining that defendants failed to establish entitlement to the property through acquiescence. They contend that Lawrence's affidavit testimony is contradicted by a telephone conversation with defendants' counsel, in which he stated that he maintained the disputed area without Martha's permission in the years that she owned it. Lawrence stated in the telephone call that he knew where the boundary line of his property was and crossed over it to mow the vacant land at 5100 Park Road without asking for permission from Martha, who owned it at the time. Defendants claim that this contradicts Lawrence's affidavit testimony, in which he stated:

> 7. I would assist my parents and sister in maintaining all three parcels of land, occasionally cutting grass across all three parcels a few times a year, with no intention of altering the legal boundary lines as established by the legal descriptions for each property.

> 8. Any access or use of any of the three parcels owned and controlled by the family (i.e. my parents, my sister, and myself) was done with permission and with no intention of establishing any claim to the other plotted parcel. I simply help to maintain all lots to assist my family with no attempt to alter the established legal boundaries[.]

Our review of both documents indicate that there are no material contradictions between Lawrence's statements in the affidavit and his statements in the telephone transcript. Assuming arguendo that the telephone transcript constitutes substantively admissible evidence under MCR 2.116(C)(10), it does not create a genuine factual dispute sufficient to defeat summary disposition when compared to the sworn affidavit testimony presented by plaintiff. Both documents consistently reflect that Lawrence maintained and used the land between the properties for family reasons, with no intention to claim ownership or alter boundaries, and with an understanding and respect for the legal property lines. The affidavit provides a more general overview, while the transcript adds detail about Lawrence's actions and motivations. Minor differences in detail, such as whether Lawrence had Martha's explicit permission to mow the lawn, do not create a genuine issue of material fact regarding whether Lawrence acquiesced to a new boundary line between the properties. Defendants' argument to the contrary lacks merit.

## D. ADVERSE POSSESSION

"A party claiming adverse possession must show clear and cogent proof of possession that is actual, continuous, open, notorious, exclusive, hostile, and uninterrupted for the relevant statutory period" of 15 years. *Marlette Auto Wash, LLC v Van Dyke SC Props, LLC*, 501 Mich 192, 202; 912 NW2d 161 (2018) (citations omitted); MCL 600.5801(4). "Clear and cogent evidence" is "more than a preponderance of the evidence, approaching the level of proof beyond a reasonable doubt." *Walters*, 225 Mich App at 223; 570 NW2d 301 (1997). "Hostility is the very essence of adverse possession." *King v Battle Creek Box Co*, 235 Mich 24, 35; 209 NW 133 (1926). "[H]ostile use is that which is inconsistent with the right of the owner, without permission asked or given, and which would entitle the owner to a cause of action against the intruder."

*Houston*, 335 Mich App 545, 559; 968 NW2d 9 (2021) (quotation marks and citation omitted). "When the elements of adverse possession have been met, the law presumes that the true owner, by his acquiescence, has granted the land, or interest to the land, so held adversely." *Marlette Auto Wash, LLC*, 501 Mich at 202 (quotation marks and citation omitted).

Defendants cannot establish entitlement to the property through adverse possession. Defendants purchased their property in November 2013, providing only 10 years of possession before this litigation commenced in 2023. This falls short of the required 15-year statutory period required for a claim of adverse possession. MCL 600.5801(4). To remedy this deficiency, defendants must successfully "tack" Lawrence's prior use onto their own possession period. Successive periods of adverse possession by different owners can be tacked together in order to satisfy the 15-year statutory requirement, provided that there was privity of estate between the parties. *Houston*, 335 Mich App at 560. Privity may be established if the deed contains a description of the disputed property, or if there is an actual transfer or conveyance of the disputed property by parol statements made when the property is conveyed. *Marlette Auto Wash, LLC*, 501 Mich at 203. Additionally, "a parol transfer may occur if a property owner is 'well-acquainted' with the previous property owner and had visited and used the disputed property for many years before acquiring title." *Id*. For the latter to occur, "the parties must have understood that an easement was appurtenant to the land." *Id*. (quotation marks and citation omitted).

Here, defendants cannot establish the required privity with Lawrence. Lawrence's affidavit does not indicate that he had any interaction or conversation with defendants prior to closing. Indeed, the record contains no evidence that there was any communication between defendants and Lawrence regarding boundaries. The warranty deed from Lawrence to defendants likewise contains no reference to any land other than the 1.01-acre parcel as originally surveyed. Without either inclusion of the disputed property in the deed or parol references at the time of conveyance, no privity exists to support tacking. *Id*. Defendants therefore cannot establish entitlement to the disputed property under the doctrine of adverse possession.[4]

Affirmed.

/s/ Michael F. Gadola
/s/ James Robert Redford
/s/ Michelle M. Rick

---

[4] Because defendants cannot establish the requisite 15-year period for adverse possession, we decline to address their arguments regarding hostility and their related challenge to the credibility of Lawrence's deposition testimony.